UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KLONKE,

    Plaintiff,

vs.                                                                     Case No. 2:09-cv-14432
                                                                     The Honorable Paul D. Borman
                                                                     Magistrate Judge Mark A. Randon

POINTE NEWS GROUP, LLC.
a Michigan limited liability company,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

**THE PARTIES HAVING STIPULATED, IT IS ORDERED** as follows:

        1.    Documents or any other information furnished by a party may be designated in writing as "Confidential" by that party ("Confidential Information"). From and after the date of entry of this Protective Order, and any retroactive effective date of this Order, the designation of material as Confidential Information for purposes of this Protective Order shall be made by affixing the legend "Confidential" to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or produced in a box, the word "Confidential" need only be stamped on the first page of the document or on the outside of the box in order for the entire document to be treated as confidential.

2. Confidential Information shall be disclosed to no one except to the parties, their employees, agents, and their attorneys, experts and consultants and such attorneys', experts' and consultants' respective staff, as provided below. With respect to any documents that were produced prior to the entry of this Order, the party seeking to have such documents designated as "Confidential" shall specify, in writing to counsel for the receiving party, which specific documents are to be so designated. Such specification shall include at a minimum, the category or class of documents produced (*e.g.,* "sales registers" or "commissions reports") and the date of such documents. Upon receiving such notice, the receiving party shall immediately treat the material as if it had been so designated.

"Confidential Information" includes, but is not limited to, all information of the disclosing party which:

- A. Concerns or relates to proprietary information; and/or

- B. Reveals, indicates or can be used to identify production and sales volumes and dollar amounts; and/or

- C. Reveals or can be used to identify inventories, amount or source of any income, profits or losses; and/or

- D. Is business information the disclosure of which is likely to be harmful to the disclosing party; and/or

- E. Financial information (which is defined to include, but is not limited to, any cost, expense, income, sales, pricing, accounting or tax information of whatever kind or nature); and/or

- F. Concerns or relates in any way to information that is protected by the attorney-client privilege or work product doctrine.

3. The designation of a document as "Confidential" in these proceedings shall not prevent discovery of the same document in any other

proceeding through the use of discovery procedures allowed in the other proceeding.

4. Whenever a party objects to the designation of documents, transcripts or other information as confidential pursuant to this Protective Order, it may apply to the Court by motion for a ruling that the document, transcript or other materials shall not be so treated.

5. No party shall be bound by this Protective Order as to any information which it possessed prior to this action or received at any time independently of discovery proceedings herein or from a source other than the person designating the information to be Confidential under this Protective Order.

6. The parties, their employees, agents, attorneys, experts and consultants and the employees and agents of such attorneys, experts and consultants, shall not use or disclose Confidential Information for any purpose unrelated to this litigation.

7. Experts or consultants and their respective staffs whose advice and consultation are being or will be used in connection with preparation for trial or trial of this case may have access to Confidential Information in conformity with this Protective Order. Each such expert or consultant shall be given a copy of this Protective Order and shall be subject to the jurisdiction of this Court for proceedings related to this Protective Order.

8. Nothing in this Protective Order shall preclude presentation or disclosure of Confidential Information subject to this Protective Order to a witness in preparation for or during a deposition or trial, provided that said witness is not given a copy of any such Confidential Information to take from the place of said deposition or trial, and is provided with a copy of this Protective Order and is advised of record that the provisions of this Protective Order are applicable to such witness. Any such witness to whom any party discloses at deposition or trial such Confidential Information shall be bound by the provisions of this Protective Order requiring non-disclosure of any such Confidential Information. The party examining such witness shall have fulfilled its obligations under this Protective Order upon compliance with the notification procedures herein described.

9. At the conclusion of this litigation, by judgment or otherwise, all Confidential Information along with all copies thereof, shall be returned to the party producing the Confidential Information or shall be destroyed, except that trial counsel may retain one copy. All documents prepared by the receiving party or its attorneys or experts and consultants designated above, containing summaries, abstracts or quotations of or from Confidential Information protected by this Protective Order, after the conclusion of this litigation, shall be kept within the internal files of trial counsel for the party creating such work product documents or be destroyed.

10. Any party may designate, in writing, any or all interrogatory answers or other discovery responses as Confidential if consistent with the requirements of this Protective Order, and such interrogatory answers or other

discovery responses shall be afforded the same protection as other Confidential Information under this Agreement.

11. Any party giving deposition or trial testimony in this action, whether through its officers, employees, directors or otherwise, may obtain therefor confidential treatment if consistent with this Protective Order and pursuant to this Protective Order by advising the reporter during the course of that testimony as to those portions of the testimony for which Confidential treatment is desired. The reporter shall separately transcribe and bind those portions of the testimony so designated as confidential and shall mark the face of the separately bound transcript containing such Confidential Information with the words **"Confidential Pursuant to Court Order Filed in the United States District Court, Eastern District of Michigan, Southern Division in Case No. 2:09-cv-14432."** If the transcript so marked is filed with the Clerk of the Court, the same shall be filed under seal pursuant to the Court's local rules and to the extent allowed by those Local Rules.

12. Whenever any Confidential Information is introduced as exhibits, or otherwise utilized, in connection with deposition testimony or trial testimony given in this action, counsel introducing such exhibits, or using such Confidential Information in the examination of a witness, shall advise the reporter that the portions of the testimony which refer thereto and the exhibits themselves shall be afforded confidential treatment pursuant to this Protective Order. The reporter shall separately transcribe those portions of the testimony so designated, bind therewith the Confidential exhibits to which the testimony refers, and mark the face of the separately bound transcript with the words **"Confidential Pursuant to Court Order Filed in the United States District Court, Eastern District of Michigan, Southern Division in Case No. 2:09-cv-14432."** If the portion of the transcript so marked is filed with the Clerk of the Court, the same shall be filed under seal pursuant to the Court's local rules and to the extent allowed by those Local Rules.

13. The Court, upon a showing of good cause, may order the removal of the Confidential designation from any document, summary or abstract thereof or portions of testimony or otherwise amend this Protective Order.

14. If a party wishes to file any document, transcript, or thing containing information which has been designated Confidential with the Court for any purpose, the party shall file it with the Court in a sealed envelope with the following notation:

**" CONFIDENTIAL PURSUANT TO COURT ORDER FILED IN THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION IN CASE NO. 2:09-CV-14432. NOT TO BE OPENED EXCEPT BY THE COURT OR BY ORDER OF THE COURT."**

Notwithstanding the foregoing, however, a copy of such filing having the Confidential Information deleted therefrom may be made part of the public record of this proceeding.

Subject to the Federal Rules of Evidence, Confidential documents may be offered in

evidence at trial, provided that the proponent of the evidence gives notice to the attorney for the disclosing party of the intention to offer the evidence before it is offered. As a result of such notice, the attorney for Defendant may move the court for an order that the documents be examined only in camera or under other conditions that prevent disclosure and the documents shall be marked as set forth in Paragraph 14. A party intending to introduce confidential information or documentation at any hearing or trial in this action will approach the bench for a ruling on how the information or documentation is to be treated.

15. If any Confidential Information is used in any proceeding in this case, it shall not lose its confidential status through such use.

16. This Protective Order shall survive the final termination of this case with respect to any Confidential Information.

17. In this lawsuit, if a Request for Documents pursuant to Fed. R. Civ. P. 34 or a subpoena for documents made pursuant to Fed. R. Civ. P. 45 or any other Federal Rule of Civil Procedure requires a party or a third party to produce "personnel records" as that phrase or those terms are used and defined in Section 1(c), MCL 423.501(c), of the Bullard-Plawecki Employee Right to Know Act, as amended, MCL 423.501, *et seq*. (the "Act"), or to produce "a disciplinary report, letter of reprimand or other disciplinary action" as that phrase or those terms are used in Section 6(1) of the Act, MCL 423.506(1), then such documents, if produced, shall be considered as having been produced as a disclosure ordered in a legal action within the meaning of Section 6(3)(b) of the Act, MCL 423.506(3)(b). Nothing in this paragraph and/or this Protective Order shall be construed as a waiver of a parties' right to object to the production of

such records.

18. Nothing in this Protective Order shall prevent any party from applying to the Court for a modification of this Protective Order should the moving party determine the Protective Order, as originally entered, is hampering its efforts to prepare for trial or from applying to the Court for further or additional protective orders or from an agreement between the parties to any modification of this Protective Order.

19. If a recipient of Confidential Information or its attorney to this action receives a subpoena or other formal demand from any source whether related to another cause of action, proceeding, investigation or otherwise for the production or disclosure of any of the disclosing party's Confidential Information that are in the possession or control of the recipient's attorney, the recipient's attorney must provide to the disclosing party's attorney written notice of the subpoena or demand for the information no more than fourteen (14) days after the recipient's attorney is served with such subpoena or demand for the information and that party must not interfere with any action that the disclosing party may elect to take to protect the confidentiality of the Confidential Information.

20. Nothing in this Protective Order shall be construed or shall operate as an admission or agreement as to whether any particular information is entitled to be treated as Confidential Information, or is otherwise subject to discovery, or is admissible in evidence.

21. Nothing in this Protective Order shall require a party to produce

privileged information or shall constitute a waiver of any privilege.

22. This Stipulation and Protective Order embodies the entire understanding of the parties and all of the terms and conditions with respect to the matters discussed herein; it supersedes and annuls any and all other or former agreements, contracts, promises, or representations, whether written or oral, expressed or implied, made by, for, or on behalf of the parties; and it may not be altered, superseded, or otherwise modified except in writing signed by the party to be charged. All executed copies of this Stipulation and Protective Order are deemed to be duplicate originals, equally admissible as evidence.

**IT IS SO ORDERED:**

                                                     S/Paul D. Borman
                                                     PAUL D. BORMAN
                                                     UNITED STATES DISTRICT JUDGE

Dated: April 2, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 2, 2010.

                                                       S/Denise Goodine
                                                     Case Manager

**STIPULATED TO AS TO FORM AND CONTENT**:

| | |
|---|---|
| **BERRY, JOHNSTON, SZTYKIEL & HUNT, P.C.** | **HOWARD & HOWARD ATTORNEYS PLLC** |
| **By:** /s/ J. Steven Johnson (with consent)<br>J. Steven Johnston (P27673)<br>**Attorneys for Plaintiff Charles Klonke**<br>1301 West Long Lake Road<br>Suite 250<br>Troy, MI 48098<br>248-641-1800<br>248-641-3845 fax<br>sjohnston@berryjohnstonlaw.com<br>Attorneys for Plaintiff<br><br>Dated: April 1, 2010 | **By:** /s/ Brad A. Rayle<br>Brad A. Rayle (P28898)<br>**Attorneys for Defendant Pointe News Group**<br>Royal Oak, MI 48067<br>248-645-1483<br>248-645-1568 fax<br>brayle@howardandhoward.com<br>Attorneys for Defendant<br><br>Dated: April 1, 2010 |